UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Randy Barr
Travis Butler

     Plaintiffs

-vs-

Andrew Saul
Commissioner
of the United States
Social Security Administration

     Defendant

Case No.: 4:19-cv- 2161

MJ ARBUCKLE

FILED
SCRANTON
DEC 1 8 2019
PER _____
DEPUTY CLERK

---

## PLAINTIFF'S COMPLAINT
## FOR
## PROCEDURAL DUE PROCESS VIOLATIONS
## AND IMPERMISSABLE AGENCY INTERPRETATIONS
## IN VIOLATION OF THE SEPERATION OF POWERS DOCTRINE
## OF THE UNITED STATES CONSTITUTION

Plaintiffs are severely physically and/or mentally disabled. They have all

been released from incarceration by the Pennsylvania State Department of

Corrections (DOC). They currently reside in a half-way house for parolees located

at 539 Linden Street in the City of Scranton ("539 Linden"). They can move from

there at any time if they have a home plan approved by the DOC Parole

1

Supervision Division (PSD). They have little to no sources of income and cannot afford to move. They do not qualify for any type of public or nonprofit housing assistance due to their criminal records and/or the fact that they have no matching income for any such programs that do exist.

The Social Security Administration (the "Administration") refuses to let them apply for Disability Insurance Benefits (Title) II (DIB) and or Supplemental Social Security Income (SSI) Benefits Title XVI based on their residence at 539 Linden. Nor will the Administration provide any type of procedural due process for them to contest this decision. There can be no administrative exhaustion of remedies because plaintiffs have on several occasions just summarily been turned away at the counter. They have been denied the right to even seek any remedy. The Administration has previously determined the Plaintiffs to be disabled and Plaintiff's had previously received benefits prior to their incarceration.

There are individuals who are in almost the same exact position as Plaintiffs. Those individuals live in halfway houses just across the street and around the corner from 539 Linden. The Administration will let them apply and receive benefits. Plaintiffs do not have a choice as to in which halfway house they can reside.

Barr et al v
Andrew Saul Social Security Commissioner

## JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§1331 (federal question). Venue is proper in this District pursuant to 28 U.S.C.

§1391 because Plaintiffs reside in this District and because a substantial

part of the events or omissions giving rise to Plaintiff's claims occurred in this

District.

## FACTS

Randy Barr

1. Randy Barr is 53 years old.

2. Mr. Barr went to the Social Security Administration Scranton District Office on December 10, 2019 to apply for SSI and DIB.

3. A Social Security employee told him that he could not apply because he lived at 539 Linden St.

4. Mr. Barr asked the Social Security employee why.

5. The Social Security employee said it was because Mr. Barr was "confined."

6. Mr. Barr asked if he could get the determination in writing.

7. The Social Security employee said no.

8. Mr. Barr asked how he could appeal.

9. The Social Security employee said there was nothing that could be done.

10. Mr. Barr had attempted to apply one-month prior with the same result.

Travis Butler

1. Travis Butler is 66 years old.

2. Mr. Butler went to the Social Security Administration Scranton District Office on December 6, 2019 to re-apply for DIB and SSI for which had previously been on for most of his adult life.

3. A Social Security employee told him that he could not apply because he lived at 539 Linden St.

4. Mr. Butler asked the Social Security employee why.

5. The Social Security employee said it was because Mr. Butler was "considered still in prison."

6. Mr. Butler asked if he could get that in writing.

7. The Social Security employee said no.

8. Mr. Butler asked how he could appeal.

9. The Social Security employee told him "it wouldn't do any good."

10. Mr. Butler asked to whom he could complain.

11. The Social Security employee told him "don't waste my time."

12. Mr. Butler had also tried to have his benefits reinstated approximately one month earlier with the same result.

4

## COUNT ONE
## PROCEDURAL DUE RIGHTS VIOLATION
## THE RIGHT TO MEANINGFUL NOTICE
## AND THE RIGHT TO BE HEARD
### Violation of the Fifth Amendment of the Constitution
### of the United States of America

13. Plaintiffs incorporate by reference all previous and subsequent paragraphs of the complaint.

14. There was a deprivation in that the Administration is not permitting the Plaintiffs to apply, much less receive, Social Security disability benefits.

15. Plaintiffs have a reasonable expectation of these benefits because the Administration had previously determined them to be disabled and had been paying them benefits prior to their incarcerations.

16. The United States Supreme Court has deemed Social Security and similar benefits to be property interests. Goldberg v Kelly 397 U.S. 254 (1970), Mathews v Eldridge 424 U.S. 319 (1976)

17. The Administration informed the Plaintiffs that they would not provide them this decision in writing, that there were no appeal procedures, and that there was no one to whom they could complain.

## COUNT TWO
## VIOLATION OF THE SOCIAL SECURITY ACT
## TITLE XVI AND REGULATION 416.211
## PRE-RELEASE FILING

18. Plaintiffs incorporate by reference all previous and subsequent paragraphs of the complaint.

19. The Social Security Act Regulation 416.211 states

"If you are a resident of a public institution **when you apply for SSI Benefits** [emphasis added] and meet all other eligibility requirements, you cannot be eligible for payment of benefits until the first day of the month following the day of your release from the institution."

20. The Administration's own regulations say to accept such applications from individuals but do not start paying them until they no longer are residents of a public institution.

21. The above regulation is for SSI but would apply to DIB as well since the DIB rules and SSI rules on this general topic have a symbiotic and cross referencing relationship throughout the Act and Regulations.

22. The Administration has a Pre-Release Program (PRP) for individuals such as the Plaintiff that permits individuals to apply even when they are still incarcerated in a jail or prison, much less a halfway house.

23. According to the Administration's website the purpose of the PRP is to "stop recidivism and homelessness."

Barr et al v
Andrew Saul Social Security Commissioner

https://www.ssa.gov/ssi/spotlights/spot-prerelease.htm

24. All the detailed policies and procedures of the PRP are on the Administration's website. https://secure.ssa.gov/poms.nsf/lnx/0423530001

25. A recent report by the Social Security Office of the Inspector General states that Congress has authorized the program.

https://oig.ssa.gov/sites/default/files/audit/full/pdf/A-02-14-24085_0.pdf

## COUNT THREE
## VIOLATING THE PRINCIPLE OF SEPARATION OF POWERS
## OF THE UNITED STATED CONSTITUTOIN
### Article I, Section 1 Vesting All Federal Legislative Powers
### in Congress

Bowles v Seminole Rock and Sand 325 US 410 (1945), Chevron USA Inc v Natural Resources Defense Council 467 US 837 (1984), United State v Mead Corp 533 US 218 (2001), Auer v Robbins et al 519 US 452 (1997), Kisor v Wilkie No. 18-15, 588 US _____ (2019)

26. Plaintiffs incorporate by reference all previous and subsequent paragraphs of the Complaint.

27. The Social Security Act is clear in that an individual may not receive SSI benefits while they are incarcerated in a jail or prison.

28. The Social Security Act is clear in that an individual may not receive DIB benefits while they are incarcerated in a jail or prison and the incarceration is after they have been convicted and sentenced to the crime related to their

7

Barr et al v
Andrew Saul Social Security Commissioner

incarceration.

29. When it comes to incarcerated individuals the original Social Security Act uses words and phrases such as "inmates" "publicly funded institutions" "confined" "penal institution" "correctional facility" "confinement."

30. Over the years through its regulations and rulemaking and internal policy making, the Administration has elaborated upon these provisions of the Act.

31. The result has been the gradual legislating of such a fine line almost nonsensical distinction between various types of shelters and halfway houses in which residents can and cannot apply for and receive benefits.

32. Were the Plaintiffs homeless and living on the streets or in a homeless shelter they would be eligible to apply for and potentially receive benefits.

33. Were Plaintiffs living in one of the other hallway houses in Scranton which houses parolees they would be eligible to apply for and potentially receive benefits.

34. The only discernable practical difference between the Plaintiffs halfway house and the other two in Scranton is that the Plaintiff's halfway house serves meals and they are not "homeless" in the most narrow sense of the word.

Barr et al v
Andrew Saul Social Security Commissioner

35. This is an impermissible interpretation.

## RELIEF REQUESTED

36. We request the Court to issue a Writ of Mandamus ordering the Administration to immediately accept the Plantiff's applications for DIB and SSI, quickly process them and forward them to the Pennsylvania Department of Labor Bureau of Disability Determination for initial Determinations and to backdate the application dates to the dates they first attempted to apply.

37. We request the Court to make a determination that Administration's interpretation of the Act and its own regulations is impermissible in its distinction between the various types of homeless shelters and halfway houses and the subsequent rights of residents to apply for benefits and receive benefits while residents of such.

38. Attorneys Cost and Fees 42 USC 1988 (making arrangements for one)

39. Any other relief the Court sees as just and fair.

_Randy Barr_    _12/18/19_
Randy Barr       Date
Co-Plaintiff

534
Linden St
Scranton
PA 18503
570
880 2324

_Travis Butler_    _12-18-19_
Travis Butler       Date

9

Barr et al v
Andrew Saul Social Security Commissioner